**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN FRANCES MCCLOSKEY, III, LYNN BAILEY MCCLOSKEY,<br><br>    Plaintiff,<br><br>vs.<br><br>LAND HOME FINANCIAL SERVICES, ET AL.,<br><br>    Defendants. | Case No.: 12-CV-2775 YGR<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

Plaintiffs John Frances McCloskey, III and Lynn Bailey McCloskey ("Plaintiffs") filed their Application for Temporary Restraining Order and Order to Show Case re: Preliminary Injunction (Dkt. No. 13) and their Amended Application for Temporary Restraining Order and Order to Show Case re: Preliminary Injunction (Dkt. No. 15) on August 17, 2012. Defendants Wells Fargo Bank, N.A. (Erroneously Sued As Wells Fargo Bank); Wells Fargo Asset Securities Corporation; HSBC Bank USA, N.A., Trustee For Wells Fargo Mortgage Backed Securities 2007-7; and Mortgage Electronic Registration Systems, Inc. ("MERS") filed their opposition (Dkt. No. 16) on August 17, 2012. This action was reassigned to the undersigned on August 20, 2012. (Dkt. No. 17.)

The Court having carefully considered the pleadings in this matter and the briefs and evidence submitted in support of and in opposition to the request for temporary restraining order, the application for a temporary restraining order is **DENIED** without prejudice to Plaintiffs making a sufficient showing in a future application.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

With respect to the success on the merits and balance of harms factors, courts will permit a plaintiff making a strong showing on one factor to offset a weaker showing on the other, so long as all four factors are established. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). For example, if the balance of hardships tips *sharply* in plaintiff's favor, she may satisfy the likelihood of success factor by showing that there are at least "serious questions" favoring the merits of her claim. *Id.* However, even a lesser showing of a "serious question" requires evidence that the plaintiff "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software. Inc.,* 739 F.2d 1415, 1421 (9th Cir. 1984).

Here, the irreparable harm to Plaintiffs is clear from the face of the complaint and the papers submitted – their home will be sold at a trustee's sale absent a temporary injunction. The balance of hardships appears to tip strongly in their favor. However, Plaintiffs have not offered legal arguments and evidence in support of their request for a temporary restraining order even so much as to raise a "serious question" in order to establish any likelihood of success on their claims.

First, Plaintiffs' arguments in favor of a restraining order rest on the notion that MERS has no authority to act as an agent here and Defendants all lack standing to foreclose because the note and deed of trust were separated and securitized before they were properly assigned. Such arguments have repeatedly been rejected by numerous courts in the Northern District and in the California Courts of Appeal. There is no requirement to produce the original note in order to proceed. *See, e.g., Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ("under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure"). MERS has repeatedly been held to have a valid basis to proceed with foreclosure as nominee for the beneficiary. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156–57 (2011) (no "factual basis to suspect that MERS lack[ed] authority to proceed with foreclosure"); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-71 (2011) (MERS as nominee for lender could act with authority to assign interest in note, burden on plaintiff to demonstrate lack of authority); *Herrera v. Fed. Nat'l Mort. Assoc.* 205 Cal.App.4th 1495, 1505-06 (2012) (same). Recordation of the assignment of an interest in the deed of trust is not essential in order to proceed with a foreclosure. *See Haynes v. EMC Mortg. Corp.*, 205 Cal. App. 4th 329, 336 (2012), review denied (Aug. 8, 2012) (where deed of trust involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded). The "statutory requirement [Civil Code §2932.5] that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust." *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122 (demurrer properly sustained without leave to amend, notwithstanding there being no recording of the lender's assignment of the deed of trust, and assignee and MERS were entitled to invoke the deed's power of sale provision). Furthermore,

securitization of a loan is not, per se, improper and does not deprive MERS of a power of sale when the note is assigned to a trust pool, as alleged here. *See Bascos v. Federal Home Loan Mortg. Corp.* (C.D.Cal. 2011) 2011 WL 3157063, *6 (plaintiff borrower had no standing to challenge securitization of loan); *Lane v. Vitek Real Estate Industries Group,* 713 F.Supp.2d 1092, 1099 (E.D.Cal.2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."); *Benham v. Aurora Loan Services,* 2009 WL 2880232 at *3 (N.D.Cal. Sept.1, 2009) ("Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool.").

Moreover, Plaintiffs' only evidence in support of the temporary restraining order is a declaration stating that they "believe" that the sale and resale of the original promissory note was not legal and that they have "learned" that MERS has been declared " an illegal business activity," along with the conclusion that they "believe" Defendants have no legal rights in or ownership of the note at the current time.  (Dkt. 15, Declaration of McCloskeys at ¶¶ 4, 5, 6.)

Having failed to offer legal arguments or evidence that would raise a serious question on the merits of their claims, the Court cannot grant temporary injunctive relief in Plaintiffs' favor and the application must be **DENIED**.

**IT IS SO ORDERED.**

Date: August 20, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**