**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN FRANCES MCCLOSKEY, III** *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>**LAND HOME FINANCIAL SERVICES** *et al.*, <br><br>　　　　Defendants. | **Case No.: 12-CV-02775 YGR** <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs John Frances McCloskey, III and Lynn Bailey McCloskey ("Plaintiffs" or the "McCloskeys") bring this foreclosure-related action against Defendants Land Home Financial Services; Wells Fargo Bank, N.A. (sued as Wells Fargo Bank) ("Wells Fargo"); Wells Fargo Asset Securities Corporation; HSBC Bank USA, N.A., Trustee For Wells Fargo Mortgage Backed Securities 2007-7; and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") on the basis that none has the power to foreclose on their home. Plaintiffs' complaint alleges six causes of action: (1) Wrongful Foreclosure; (2) Fraud; (3) Quiet Title; (4) Declaratory Relief; (5) Violation of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601; and (6) Violation of the Truth In Lending Act, 15 U.S.C. § 1641(g).

Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITHOUT PREJUDICE** and **WITH LEAVE TO FILE A MOTION TO AMEND**.

## I. BACKGROUND

The Court takes judicial notice of the following facts:[1]

On February 26, 2007, the McCloskeys borrowed $460,000 from Land Home Financial Services ("Note") secured by a Deed of Trust on the real property located at 4106 Cobblestone Drive, Concord, California 94521 (the "Property"). (*See* Dkt. No. 5, Request for Judicial Notice ("RJN"), Ex. A.)  MERS was nominee beneficiary to the Deed of Trust. (*Id*.)

A Notice of Default was recorded on April 14, 2011 with the Contra Costa County Recorder for failure to make payment on the Note. (RJN, Ex. B ("Notice of Default").)  On May 18, 2011, MERS, as nominee for Land Home Financial Services, assigned the Deed of Trust to HSBC Bank USA, N.A., as trustee for Wells Fargo Asset Securities Corporation. (RJN Ex. C ("Assignment of the Deed of Trust").)  A Notice of Trustee's Sale recorded on September 29, 2011 with the Contra Costa County Recorder. (RJN Ex. D ("Notice of Trustee's Sale").)

The McCloskeys' Complaint alleges as follows:

1) Plaintiffs are the owners of the Property (Complaint ¶ 12);

2) Wells Fargo Bank acquired ownership interest in the Note from Land Home Financial Services, the originating mortgage lender, and then Wells Fargo sold the Note to Wells Fargo Asset Securities Corporation, which in turn sold the Note to Wells Fargo Mortgaged Backed Securities 2007-7, a Real Estate Investment Trust (*id.* ¶ 21);

3) Land Home Financial Services never transferred the physical Note and therefore, Defendants never perfected a security interest in the Property and this renders the Deed of Trust null and void (*id.* ¶¶ 22-25);

4) When the original lender, Land Financial Services, sold the loan it never assigned the beneficial ownership interest in the Deed of Trust, which "split" the Note and Deed of Trust, thereby terminating any interest Defendants may have had in the Property (*id.* ¶ 21);

---

[1] The Court may consider matter that is subject to judicial notice – such as court filings and matters of public record – without converting a motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Court finds that the documents submitted by Wells Fargo are properly the subject of judicial notice. Fed. R. Evid. 201(b)(2).

2

5) Wells Fargo Bank paid off the original Note when it purchased the Note from Land Home Financial Services, which renders the Deed of Trust null and void (*id.* ¶ 26);

6) MERS has no authority to act as an agent and cannot proceed with foreclosure as nominee for the beneficiary, and it is illegal for MERS to do business (*id.* ¶¶ 28(i), 31); and

7) Defendants lost all ownership interest in the Note and Deed of Trust when they securitized and assigned the Note to a real estate trust pool (*id.* ¶¶ 33-52).

Based on the above, the McCloskeys allege six causes of action:

(1) "Wrongful Foreclosure" on the grounds that none of the Defendants has authority to foreclose;

(2) "Fraud" because a Defendant misrepresented that it was entitled to receive mortgage payments and then "fraudulently" represented that it had authority to foreclose, when in fact no one had such authority;

(3) "Quiet Title" because there is a cloud on the title that needs to be quieted;

(4) "Declaratory Relief" because there is a controversy as to the true owner of the Property;

(5) Violation of RESPA because Defendants either gave or accepted kickbacks, and accepted unearned fees; and

(6) Violation of TILA because, Defendants did not notify Plaintiffs in writing within 30 days of assigning the Note.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests he legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The McCloskeys' Complaint is deficient in both respects.

### III.     DISCUSSION

Two days after the McCloskeys filed an Opposition to Defendants' Motion to Dismiss, the McCloskeys moved for an *Ex Parte* Temporary Restraining Order, predicated on the same legal and factual theories as the Complaint.  (*Compare* Dkt. No. 1 *with* Dkt. No. 15.)

As set forth in the Court's Order Denying Plaintiffs' Motion for an *Ex Parte* Temporary Restraining Order:

1)     The notion that MERS has no authority to act as an agent here and Defendants all lack standing to foreclose because the note and deed of trust were separated and securitized before they were properly assigned has repeatedly been rejected by numerous courts in the Northern District and in the California Courts of Appeal.

2)     There is no requirement to produce the original note in order to proceed.  *See, e.g., Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ("under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure").

3)     MERS has repeatedly been held to have a valid basis to proceed with foreclosure as nominee for the beneficiary.  *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156-57 (Cal. Ct. App. 2011) (no "factual basis to suspect that MERS lack[ed] authority to proceed with foreclosure"); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-71 (Cal. Ct. App. 2011) (MERS as nominee for lender could act with authority to assign interest in note, burden on plaintiff to demonstrate lack of authority); *Herrera v. Fed. Nat'l Mort. Assoc.* 205 Cal. App. 4th 1495, 1505-06 (Cal. Ct. App. 2012) (same).

4)     Recordation of the assignment of an interest in the deed of trust is not essential in order to proceed with a foreclosure.  *See Haynes v. EMC Mortg. Corp.*, 205 Cal. App. 4th 329, 336 (2012), *rev. denied* (Aug. 8, 2012) (where deed of trust involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded).

5)     The "statutory requirement [Civil Code § 2932.5] that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust."  *Calvo v. HSBC*

*Bank USA, N.A.*, 199 Cal. App. 4th 118, 122 (Cal. Ct. App. 2011) (demurrer properly sustained without leave to amend, notwithstanding there being no recording of the lender's assignment of the deed of trust, and assignee and MERS were entitled to invoke the deed's power of sale provision).

6) Securitization of a loan is not, *per se*, improper and does not deprive MERS of a power of sale when the note is assigned to a trust pool, as alleged here. *See Bascos v. Federal Home Loan Mortg. Corp.*, 2011 WL 3157063, *6 (C.D. Cal. 2011) (plaintiff borrower had no standing to challenge securitization of loan); *Lane v. Vitek Real Estate Industries Group,* 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."); *Benham v. Aurora Loan Services,* 2009 WL 2880232 at *3 (N.D. Cal. Sep. 1, 2009) ("Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool.").

The Complaint also must be dismissed for these additional reasons:

7) The First through Fourth causes of action fail to plead the tender element.

8) Plaintiff's Opposition does not address Defendants' arguments for dismissal of the Fifth cause of action for Violation of RESPA or the Sixth cause of action for Violation of TILA, which the Court takes as a tacit concession the neither claim has merit.

9) The RESPA claim appears to be time barred, at least as pled in the Complaint.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED**.

Plaintiffs may file a motion to amend the complaint within 21 days of the date this Order is filed.

Failure to file a motion to amend will result in dismissal of this action for failure to prosecute.

This Order Terminates Docket Number 4.

**IT IS SO ORDERED**.

**Dated: February 13, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

5